UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                                                          Civil Action No. 2:10cv24KS-MTP

$3,251.00 IN UNITED STATES CURRENCY,

GENTS ROLEX OYSTER PERPETUAL DATEJUST WATCH,

2004 FORD ECONOLINE VAN
VIN: 1FBSS31L34HA94481, and

2005 CHRYSLER 300C
VIN: 2C3AA63H35H519394                                                      DEFENDANT PROPERTY

**ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Claimant's Answer and Claimant's Motion to Dismiss [Doc. # 9](March 8, 2010). The Court, having reviewed the motion, the response, all matters made a part of the record of this case as well as applicable law, and thus being fully advised in the premises, finds that the motion should be **denied**. The Court specifically finds as follows:

Plaintiff argues that the Claimant, Jerome Jackson, does not have standing to file an answer or a motion to dismiss in response to its Complaint for Forfeiture *In Rem* because he failed to file a timely claim as required by 18 U.S.C. § 983(a)(4)(B) and Rule G(5)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. § 983 provides the general rules for civil forfeiture and states:

> (A) In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain

1

> Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.
>
> (B) A person asserting an interest in seized property, in accordance with subparagraph (A), shall file an answer to the Government's complaint for forfeiture not later than 20 days after the date of the filing of the claim.

18 U.S.C. § 983(a)(4)(A) & (B). Supplemental Rule G requires direct notice of the government's complaint to "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. Rule G(4)(b)(i). The claim must be filed " by the time stated in a direct notice sent under Rule G(4)(b)." Supp. Rule G(5)(a)(ii)(A). Finally, "a claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim." Supp. Rule G(5)(b)(added Apr. 12, 2006, eff. Dec. 1, 2006, and amended Mar. 26, 2009, eff. Dec. 1, 2009). The Fifth Circuit required strict compliance with Rule C, which was the rule governing the filing of forfeiture claims and answers prior to Rule G's adoption in 2006. *See US v. Real Property Located at 14301 Gateway Blvd.*, 123 F.3d 312, 313 (5th Cir. 1997).

The following dates are relevant to the case at hand:

| | |
|---|---|
| January 28, 2010 | Complaint for Forfeiture *In Rem* filed by government |
| February 3, 2010 | Notice of Complaint for Forfeiture to Claimant mailed |
| February 16, 2010 | Answer to Complaint filed by Claimant |
| February 19, 2010 | Motion to Dismiss Automobiles from Complaint filed |
| March 9, 2010 | Claim of Ownership filed by Claimant |
| March 10, 2010 | Deadline to file Claim as per Notice of Complaint for Forfeiture |
| March 30, 2010 | Deadline to file Answer under Supp. Rule G |

The government argues that the Claimant lacks standing to file his answer as well as his motion to dismiss the automobiles because he did not file a timely claim and therefore lacked standing. However, the government's motion to strike Claimant's answer and motion was filed on March

8, 2010, before the deadline to file a Claim of Ownership, and the Claimant subsequently filed a timely claim.  *See* Claim of Ownership [Doc. # 12].    Therefore, the remaining issue is whether the Claimant has standing if  he timely files his claim of ownership, but filed it out of order.

While the Fifth Circuit cases demand strict compliance with Supplemental Rule G, the majority of the cases found require strict compliance with the deadlines for filing the claim and answer, and do not necessarily address the order in which they were filed.  Although the following two cases addressed claims and answers filed out of order, the filings violated the rule in other respects as well.  In *U.S. v $38,570 U.S. Currency*, the Fifth Circuit held that a district court did not abuse its discretion when it struck an answer filed on April 9, 1990, two days before the claimant filed his claim on April 11, 1990.  950 F.2d 1108, 1110 (5th Cir. 1992).  However, the Court also noted that his claim was untimely filed and not within ten days of execution of process on the res, which was the deadline under the old standard, Supplemental Rule C.  Similarly, in *U.S. v. $49,400.00 in US Currency*, the district court granted a motion to strike and noted that "[f]iling of an answer prior to the filing of a verified claim is not in accordance with the requirements of Supplemental Rule G(5)." No.2:08cv205P-A, 2009 WL 2591384 at *1(N.D. Miss.)(Aug. 20, 2009).   "Furthermore, the Fifth Circuit has held that the filing of a claim is a *prerequisite* to the right to file an answer and to defend on the merits." *Id.* But, as in *$38,570*, the claimant did not file a timely claim– in fact, the claimant failed to file a verified claim at all before the deadline.  *Id.*

Here, the Claim of Ownership was filed within the deadline provided by the government, and the deadline to file an answer or a motion to dismiss property from the complaint has not yet passed.  Even were the Court to strike the answer and motion to dismiss, the Claimant would still

3

be within the deadline to refile. Therefore, the Court finds that the Claimant has statutory standing, but requests that the Claimant refile his answer and motion to dismiss the automobiles in order to remove all question as to his compliance with the rules and deadlines applicable to civil forfeiture *in rem*.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Motion of the United States to Strike Claimant's Answer and Claimant's Motion to Dismiss [Doc. # 9] is **denied.**

SO ORDERED AND ADJUDGED on this, the 29th day of March, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE