UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

vs.                                                                    Civil Action No. 2:10cv24KS-MTP

$3,251.00 IN UNITED STATES CURRENCY,

GENTS ROLEX OYSTER PERPETUAL DATEJUST WATCH,

2004 FORD ECONOLINE VAN
VIN: 1FBSS31L34HA94481, and

2005 CHRYSLER 300C
VIN: 2C3AA63H35H519394                                                    DEFENDANT PROPERTY

## ORDER

This matter is before the Court on Claimant's Amended Motion to Dismiss Automobiles from Complaint [Doc. # 19](March 29, 2010). The Court, having reviewed the motion, the response, the memoranda, all matters made a part of the record of this case as well as applicable law, and thus being fully advised in the premises, finds that the motion should be **denied**. The Court specifically finds as follows:

## I. Background

Jerome Jackson claims that the after his September 14, 2009 arrest and indictment on charges that he violated the Mississippi Controlled Substances Act, the Hattiesburg Police Department unlawfully seized two of his vehicles without process or probable cause. Mot. to Dismiss ¶¶ 1-2 [Doc. # 19] (Mar. 29, 2010). Jackson contested the forfeiture in the County Court of Forrest County, Mississippi, and sought immediate return of his property. *Id.* ¶¶ 5-6. The County Court ordered immediate return of the automobiles on November 4, 2009. *See id.* at

1

Ex. C [Doc. # 19-3]. Jackson asserts that the state court, not the federal district court, has jurisdiction over this matter by virtue of his filing his petition to contest forfeiture in a state court, and therefore, the automobiles should be released in compliance with the County Court Order as the matter is *res judicata*. *Id.* ¶¶ 5, 11. He also argues that the federal government failed to timely place him on notice of the seizure and failed to timely comply with the requirements of 18 U.S.C. § 981(c).[1] *Id.* ¶ 4; *see also* Claimant's Reply ¶¶ 3-6 [Doc. # 14].

The government asserts that while the arrest warrant was executed on September 14, 2009, by local, state, and federal officers working together, the Drug Enforcement Agency ("DEA"), not state agents, seized the property. Compl. for Forfeiture In Rem, Agent Davis Aff., Ex. A at 6 [Doc. # 1-3]. The DEA took custody of the 2004 Ford Econoline on October 20, 2009, and the US Marshals Service took custody of the 2005 Chrysler on October 29, 2009. Opp. Mot. to Dismiss 2 [Doc. # 11]. Following seizure the government began administrative forfeiture proceedings. *Id.* at 3. The government argues that the state never had jurisdiction and never commenced a forfeiture action, and therefore the state order does not affect the current proceeding. *Id.* at 7.

On November 6, the DEA sent Notices of Seizure for both the Econoline van and the Chrysler. Mot. to Dismiss, Exs. D & E [Docs. ## 19-5 & 19-6]. On January 28, 2010, the United States filed its Complaint for Forfeiture in Rem, and Notice of Complaint for Forfeiture was issued to Jackson on February 2, 2010. The Notice was mailed on February 3, 2010, and stated that a verified claim must be filed within 35 days, or by March 10, 2010. Jackson filed a Claim of Ownership on March 9, 2010, and filed an amended answer and a motion to dismiss on

---

[1]Claimant cites the provision as 18 U.S.C. § 981(b)(4)(B)(c).

2

March 29, 2010.

## II. Standard of Review

The Court construes this motion to dismiss as a Rule 12(b)(1) motion challenging subject matter jurisdiction in this Court. "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex.1995)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir.1998)).

## III. Law and Analysis

Federal courts have exclusive, original subject matter jurisdiction over actions seeking civil forfeiture under an act of Congress. *See* 28 U.S.C. § 1355. Here, the United States is seeking forfeiture of property seized under 21 U.S.C. § 881 for violation of 21 U.S.C. § 841, the Controlled Substances Act. "Certainly, it long has been understood that a valid seizure of the res is a prerequisite to the initiation of an *in rem* civil forfeiture proceeding." *Republic Nat. Bank of Miami v. U.S.*, 506 U.S. 80, 84 (1992) (citations omitted). "[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn Gen. Cas. Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). Federal jurisdiction

exists even when the property is seized by state officials or by someone without authority to seize the property and transferred to federal officials at a later date under the doctrine of "adoptive forfeiture." *See United States v. One Ford Coupe Auto.,* 272 U.S. 321, 325 (1926) ("It is settled that, where property declared by a federal statute to be forfeited, because used in violation of federal law, is seized by one having no authority to do so, the United States may adopt the seizure with the same effect as if it had originally been made by one duly authorized."); *see also* 3 Crim. Prac. Manual § 107:67 (2010) ("After a federal agency adopts a state or local seizure, the property is deemed to have been seized by the federal government, and is thus subject to exclusive federal jurisdiction as of the date of seizure.").

Jackson essentially argues that he established jurisdiction in the state courts by filing his Petition to Contest Forfeiture and Immediate Return of Property in the Forrest County Court. *See* Mot. to Dismiss ¶ 5. Since the state court issued its order two days before the DEA sent its notice of seizure of the automobiles, Jackson claims that the matter is *res judicata*.

Taking the evidence in the light most favorable to the Plaintiff, the DEA and U.S. Marshals Service initially seized the van and Chrysler, respectively, and they remain in possession of the property. Since the state never seized the property or sought forfeiture, the state court did not have *in rem* jurisdiction over the property, and the order is not controlling. *See also U.S. v. $119,000 in U.S. Currency*, 793 F. Supp. 246, 249-250 (D. Haw. 1992) (finding state court did not have *in rem* jurisdiction over seized property when it entered its order to return property months before DEA commenced administrative forfeiture proceedings). Even if the Hattiesburg Police seized the automobiles on September 14, 2009, when Jackson was arrested and transferred them to the federal agencies in October, the federal government's

possession of the automobiles would relate back to the time of the initial seizure. A claimant cannot defeat federal jurisdiction by simply filing a petition to contest forfeiture in state court. Further, the United States was not a party to the state action. *See Haring v. Prosise*, 462 U.S. 306, 315 n.9 (1983) (noting that *res judicata* does not apply to a later action between different parties). Therefore, Jackson's argument that the matter is *res judicata* must fail.

The Court finds that the United States has presented sufficient evidence that it gave Jackson timely notice of the seizure. The DEA mailed Notice of Seizures for both vehicles on November 6, 2009, after seizing the vehicles on October 20 and 29, 2009. The Complaint for Forfeiture in Rem was filed approximately three months later on January 28, 2010. The Court finds that the United States has been reasonably diligent in instituting the forfeiture proceedings and that Jackson's rights have not been prejudiced by any delay. *See U.S. v. $8,850.00 in U.S. Currency*, 461 U.S. 555 (1983) (considering length of and reason for delay, as well as prejudice to claimant); *U.S. v. $874,938.00 in U.S. Currency*, 999 F.2d 1323 (9th Cir. 1993)(eleven month delay not per se unreasonable).

Nor is Jackson's allegation that the United States failed to timely comply with the requirements of 18 U.S.C. § 981(c) sufficient grounds for dismissal. This section states that the seized property is deemed to be in the custody of the Attorney General, the Secretary of Treasury, or the Postal Service and that they may:

> (1) place the property under seal;
>
> (2) remove the property to a place designated by him; or
>
> (3) require that the General Services Administration take custody of the property and remove it, if practicable, to an appropriate location for disposition in accordance with law.

18 U.S.C. § 981(c)(1-3). This section also allows the property to be transferred to any other Federal agency on the terms and conditions set by the Attorney General. 18 U.S.C. § 981(e)(1). Further, 21 U.S.C. § 871 allows the Attorney General to "delegate any of his functions under this subchapter to any officer or employee of the Department of Justice." 21 U.S.C. § 871. The vehicles are being held by the DEA and the U.S. Marshals Service. Jackson has not alleged how the custody of the automobiles violates the statute. In sum, Claimant has not presented grounds to justify dismissal of the automobiles from this action.

## IV. Conclusion

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Claimant's Amended Motion to Dismiss Automobiles From Complaint [Doc. # 19] is **denied.**

SO ORDERED AND ADJUDGED on this, the 16th day of April, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE